IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-00026-02/05-CR-W-FJG |
| ) | |
| CYNTHIA S. MARTIN, ) | |
| TROY R. SOLOMON, ) | |
| CHRISTOPHER L. ELDER, and ) | |
| DELMON L. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

ORDER CONTINUING TRIAL

On February 6, 2008, the Grand Jury returned a twenty-four count indictment against defendants Mary Lynn Rostie, Cynthia S. Martin, Troy R. Solomon, Christopher L. Elder, and Delmon L. Johnson.[1] The indictment charges the defendants with conspiracy to distribute controlled substances, conspiracy to commit money laundering, distribution of controlled substances, unlawful use of a communications facility, concealment money laundering and transactional money laundering. The indictment also seeks criminal forfeiture.

After a scheduling conference was held before U.S. Magistrate Judge Sarah Hays, the Court issued a Scheduling and Trial Order setting the case for trial on the joint criminal jury trial docket commencing September 29, 2008.

On August 25, 2008, Cynthia Martin filed Defendant Cynthia Martin's Motion for Continuance. The motion requests a continuance to the joint criminal jury trial docket commencing January 5, 2009. The memorandum in support of the motion states that a significant amount of

---

[1] Defendant Rostie entered a guilty plea on September 4, 2008.

additional discovery has recently been produced by the government. These documents need to be reviewed by defense counsel. Furthermore, defense counsel needs more time for additional investigation. In addition, new counsel for defendant Solomon filed an entry of appearance on August 21, 2008. Finally, defense counsel states there are motions pending before the court and leave has been requested to file additional motions.

On September 24, 2008, a hearing was held before Magistrate Judge Hays. Deadlines for the production of any additional discovery as well as briefing schedules were discussed and agreed upon by the parties.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of the attorney for the Government is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendants in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(8)(A).

The Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to January 5, 2009, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendants their right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

Based on the foregoing, it is

ORDERED that Defendant Cynthia Martin's Motion for Continuance (doc #97) is granted. This case is removed from the joint criminal jury trial docket which commences September 29, 2008. It is further

ORDERED that this case is set for trial on the joint criminal jury trial docket which commences January 5, 2009. It is further

ORDERED that, pursuant to 18 U.S.C. section 3161(h), the time between the date of this Order and January 16, 2009, the last day of the January 5, 2009 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

      */s/Fernando J. Gaitan, Jr.*
      FERNANDO J. GAITAN, JR.
      CHIEF UNITED STATES DISTRICT JUDGE